UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                Case Number 93-80915
                                                        Honorable Lawrence P. Zatkoff

v.

DEQUINCY GLOVER,

      Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on the 19th day of December, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Defendant recently filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Docket #43). Defendant sets forth the same grounds for relief as he did in a letter filed with the Court on May 12, 2014 (Docket #40), *i.e.*, that the Court should reduce his sentence to 24 months, which is the term of imprisonment he claims he was to receive under the Rule 11 Agreement to which he pled.

As the Court stated in its Opinion and Order denying Defendant's request in the letter filed May 12, 2014 (Docket #41), however:

> The Court has reviewed Defendant's case file and finds that the Rule 11 Plea Agreement provided for a sentencing guideline range of 41-51 months. After failing to appear for his original sentencing date of September 15, 1994, the Court sentenced Defendant to a term of 41 months imprisonment on [October] 7, 1994. For the reasons set forth above, the Court finds no basis for Defendant's claim that he was entitled to a sentence of 24 months.

The undersigned's notes and the Presentence Report for Defendant also reflect that Defendant pled

2

guilty on June 30, 1994 "to a written Rule 11(e)(1)(C) Agreement" that provided that "any sentence of incarceration shall not exceed 37 months." The undersigned's notes from Defendant's sentencing on October 7, 1994, reflect that the plea agreement was verbally amended in Court that day — and accepted by the parties — on the record, to provide for a sentencing guidelines range of 41-51 months, as determined by the U.S. Probation Department. Thus, when the Court sentenced Defendant to 41 months, the Court not only sentenced Defendant within the guidelines range agreed to by the parties, <u>the Court sentenced Defendant to the bottom of the guidelines range agreed to by the parties</u>.

For the reasons set forth above, the Court finds that the record demonstrates that Defendant's asserted basis for relief, *i.e.*, that he pled "guilty with the understanding he would receive a 24 months sentence," is not accurate and does not provide a basis for relief under 28 U.S.C. § 2255.

Accordingly, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Docket #43) is DENIED.

IT IS SO ORDERED.

                                                       s/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      UNITED STATES DISTRICT JUDGE